IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A. LEAHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-284-GPM |
| | ) |
| LISA J. W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Michael A. Leahy currently is confined at Residents in Transition, which is a half-way house in Peoria, Illinois. Petitioner filed this action under 28 U.S.C. § 2241, seeking a writ of habeas corpus. He challenges the Bureau of Prisons' calculation of his 60-month federal prison term, claiming that he should have received credit for approximately 7 months served in pretrial custody between August 15, 2005, and March 22, 2006. If Petitioner is correct, he is entitled to immediate release.

### FACTUAL BACKGROUND

In February 2002, a Circuit Court Judge in Tazewell County, Illinois, sentenced Petitioner to a 30-month term of probation for unlawful use of a firearm by a felon and aggravated unlawful use of a firearm. On August 15, 2002, while on probation, Petitioner used his computer to view child pornography. He was arrested by Tazewell County authorities on August 26, 2002, and was released from state custody the following day.

Petitioner was interviewed by FBI agents in August and September 2002. On November 12,

2002, a criminal complaint and warrant for Petitioner's arrest were issued in the United States District Court for the Central District of Illinois. On November 22, 2002, Petitioner was indicted in that court on child pornography and criminal forfeiture charges, and another warrant was issued. Petitioner moved to England before either arrest warrant was executed.

In March 2005, Petitioner was arrested in London, England, on weapons charges. He was convicted by the Crown Court and sentenced to serve 18 months in a British prison. The weapons charges were not related to the federal child pornography and forfeiture charges. However, the London arrest alerted U.S. authorities to Petitioner's whereabouts, and on August 15, 2005, while serving his British sentence, Petitioner was arrested at the Bow Street Magistrate's Court on a provisional warrant issued under the Extradition Act 2003. He was remanded in British custody pending further extradition proceedings.

On March 22, 2006, Petitioner completed his British sentence. The time served between August 15, 2005, and March 22, 2006, was credited toward the 18-month sentence imposed by the Crown Court. Petitioner remained in custody pending extradition proceedings. He was released by British officials on April 19, 2006, and was taken into custody by authorities on behalf of the United States on the child pornography and forfeiture charges.

In November 2006, Petitioner appeared in federal court and pleaded guilty to two counts of the federal indictment. Pursuant to a plea agreement, the remaining count was dismissed, no additional charges were filed, and the parties agreed to general sentencing parameters (*see* Doc. 11-2).

On March 2, 2007, District Judge Michael M. Mihm sentenced Petitioner to 60 months imprisonment and three years supervised release. After a lengthy allocution by Petitioner, Judge Mihm made certain recommendations to the Bureau of Prisons (BOP) regarding Petitioner's

confinement, including (1) placement, if consistent with security interests, close to family in Baton Rouge, Louisiana; (2) placement, for part of his term, in the sex offender treatment program at SCI Butler in North Carolina; and (3) placement in a comprehensive drug treatment program. Judge Mihm added, in concluding the hearing:

> The Court: Obviously, you will be given full credit for all time you have been in custody since that date in August of '05.
>
> [Petitioner]: I think it's two years, one month more.
>
> The Court: Whatever that is, you will certainly be entitled to that.

(Doc. 1, p. 16).

The BOP calculated Petitioner's sentence several times. The most recent calculation awarded 346 days of jail credit for August 26 through 27, 2002, and March 23, 2006, through March 1, 2007. This calculation reflects the fact that Petitioner, despite being arrested on the provisional warrant on August 15, 2005, was serving his British sentence until March 22, 2006. By contrast, Petitioner contends that he should be given credit for the time spent in British custody from the date of his arrest on the provisional warrant because Judge Mihm intended that the British and federal sentences run concurrently. The question for the Court, then, is whether the time spent in British prison was credited toward the foreign sentence and, if so, can that time also be credited toward his federal sentence.

## ANALYSIS

Petitioner is entitled to habeas corpus relief under 28 U.S.C. § 2241(b)(3) if he is being held in federal custody in violation of the Constitution or laws of the United States. Awards of credit for time spent in custody are governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment

> commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> 
> > (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > > 1) as a result of the offense for which the sentence was imposed; or
> > > 2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> > 
> > that has not been credited against another sentence.

18 U.S. C. § 3585. The last clause of the statute has been interpreted as prohibiting awards of double credit. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). That is, when time in custody is counted against one sentence, it may not be counted a second time against another sentence.        Concurrent Sentences

Petitioner argues that Judge Mihm imposed a 60-month sentence, to run concurrently with part of the 18-month sentence imposed by the British court on the weapons offenses. It is true that when a federal sentence is imposed on someone who already is subject to an undischarged sentence, the terms may be ordered to run at the same time. 18 U.S.C. § 3584. But Petitioner completed his 18-month sentence for the British weapons offense before he was sentenced in federal court on the child pornography case. Consequently, Judge Mihm had no opportunity to consider – or impose – a concurrent sentence, and he had no option to adjust or modify Petitioner's federal sentence to make it start earlier, such that it ran at the same time as Petitioner's British sentence. *See generally United States v. Cruz*, 595 F.3d 744, 745 (7th Cir.), *cert. denied*, No. 09-10736, 2010 WL 1941785, 78 USLW 3729 (U.S. June 14, 2010) (explaining that where a defendant had finished serving his state sentence when he received his federal sentence, there was no sentence with which to run his federal sentence currently; rather, what he sought was "not a concurrent sentence but a sentencing reduction on account of a sentence previously served"). Moreover, the Judgment and Commitment Order does

not reflect any intent or effort to make the 60-month sentence run concurrent with another sentence; in fact, there is no mention at all of any other sentence. (Doc. 11-1, Att. 4).

### Sentence Commencement Date

Petitioner also argues that Judge Mihm intended to change the date on which his federal sentence began to run. The date on which a federal sentence starts to run is set by statute. Neither the Judgment and Commitment Order nor the comments during the sentencing hearing reflect a judicial decision to advance the date on which the 60-month federal sentence started to run. In these circumstances, Petitioner's sentence started running on the day it was imposed. *See* 18 U.S.C. § 3585(a). From that point, the 346 days are credited against his sentence for time spent in custody that was not credited against another sentence, as discussed in more detail below.

### Prior Custody Credit

Petitioner contends that Judge Mihm calculated and awarded prior custody credit back to August 15, 2005. Under § 3585(b), a defendant convicted of a federal crime has a right to receive credit for "certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). The Supreme Court has decided that it is not the role of the district court to calculate the credit at the time of sentencing; rather, the Attorney General computes it after the defendant has begun to serve his sentence. *Id*. at 330, 333-36.

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment … shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

*Id*. at 335. The law thus is clear that "§ 3585(b) does not authorize a district court to compute the

credit at sentencing." *Id.* at 334. Relying on *Wilson*, the Seventh Circuit Court of Appeals has held that the district court has "no authority to order the BOP to give [a defendant] the credit because that authority rests exclusively with the BOP." *Ross*, 219 F.3d at 594. In *Ross*, the Court of Appeals held that rather than attempting to order the BOP to give the defendant a credit for time spent in state court custody on a related, undischarged sentence, the district court should have adjusted the federal sentence under Application Note 2 to U.S.S.G. § 5G1.3 to account for that time. *Id*. "Even if the BOP had desired to effectuate the sentencing court's intent, it could not have done so because § 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *Id*.

The record shows that the time Petitioner spent in British custody up until March 22, 2006, was charged against his unrelated, foreign sentence (Doc. 11-1 at p. 3 n.2). Under Supreme Court and Seventh Circuit precedent, Judge Mihm had no authority to order the BOP to give Petitioner credit for time served since August 15, 2005, and, in any event, the BOP could not have done so for the time that was applied against the British sentence.

### Sentencing Guidelines

Petitioner seems to suggest that his sentence should have been adjusted under the sentencing guidelines. Application Note 4 to U.S.S.G. § 5G1.3(b) provides that a downward departure "is not prohibited" if a discharged term of imprisonment meets certain criteria. There is no ambiguity in either the sentencing transcript or the written criminal Judgment: Judge Mihm did not grant a downward departure on Petitioner's sentence. Whether one may have been available is beside the point in this habeas action, and this Court will not consider this argument any further.

### Plea Agreement

Petitioner also suggests that the failure to award him credit from August 15, 2005, violates

the terms of his plea agreement. This Court has thoroughly reviewed the plea agreement filed in the United States District Court for the Central District of Illinois on November 22, 2006; contrary to Petitioner's assertions, there is no provision addressing either a request that the federal sentence run concurrent with his foreign sentence or that he be given credit back to his arrest on August 15, 2005 (*see* Doc. 11-2). The plea agreement specifically states: "The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate" (*id*. at p. 8). Petitioner's argument lacks merit and will not be considered further.

## CONCLUSION

For the foregoing reasons, the Court finds that the BOP properly calculated the prior custody credit on Petitioner's federal sentence. Consequently, Petitioner is not being held in federal custody in violation of the Constitution or federal law and is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 07/19/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge